```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

CHERYL B. JOHNSON,

        1:19-cv-7856-NLH-JS

    Plaintiff,

        **MEMORANDUM**

v.         **OPINION & ORDER**

MACLEODS PHARMA USA, INC. and
SOUTH JERSEY BEHAVIOR HEALTH,

    Defendants.

**APPEARANCES:**

CHERYL B. JOHNSON
506 SOUTH WHITEHORSE PIKE
APARTMENT H201
STRATFORD, NJ 08084

    Appearing *pro se.*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff Cheryl Johnson ("Plaintiff"), appearing *pro se*, has filed a complaint against two defendants; and

    WHEREAS, Plaintiff alleges that that she suffered adverse side effects after taking a prescribed medication called Olanzapine; and

    WHEREAS, Plaintiff further alleges that the physicians at South Jersey Behavior Health prescribed her Olanzapine; and

    WHEREAS, Plaintiff further alleges that "4 years after taking [this] medicine, [she is suffering from] bad loud noises" (ECF No. 1 at 5); and

WHEREAS, Plaintiff further alleges that the "medicine caused [her] to hum" and that "when [she] talk[s], eat[s] and walk[s] . . . [she] hum[s] all the time off and on[,] 24 hours a day." (Id. at 6); and

WHEREAS, Plaintiff seeks reimbursement for unspecified medical bills and an award of $400,000. (Id.); and

WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017)

2

("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds that Plaintiff's complaint is deficient for several reasons; and

WHEREAS, first, and as a threshold matter, the Court is unable to determine the asserted basis for the Court's exercise of subject matter jurisdiction. Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds

for the court's jurisdiction."; and

WHEREAS, diversity jurisdiction, 28 U.S.C. § 1332, does not apply as, according to the complaint, all parties are citizens of New Jersey (ECF No. 1 at 1, 3); and

WHEREAS, the complaint suggests that the Court has subject matter jurisdiction because the Government is both a plaintiff and defendant in this action, and that the Court otherwise has federal question jurisdiction because issues of "Federal Constitutional [and] Food and Drug administration (FDA) Law" are at issue. (Id. at 4); and

WHEREAS, the Government is not a party to this action, and Plaintiff has not identified the basis for asserting that her claims arise under the Constitution. Moreover, Plaintiff does not expand upon her purported FDA claim or otherwise explain what federal law governs her allegations; and

WHEREAS, the complaint is otherwise void of allegations that would suggest this Court has subject matter jurisdiction; and

WHEREAS, furthermore, Rule 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; and

WHEREAS, the civil cover sheet suggests that this matter sounds in contract-based product liability, health care product liability, and the Family and Medical Leave Act. (Id.); and

WHEREAS, Plaintiff has not alleged any facts relating to the Family and Medical Leave Act; and

WHEREAS, Plaintiff has not stated a *prima facie* case for product liability, or any other cause of action;[1] and

WHEREAS, while Plaintiff has identified two defendants in the caption of the complaint, Plaintiff fails to explain how either defendant is connected to this action; and

WHEREAS, the Court will grant Plaintiff an opportunity to file an amended complaint to correct the above-referenced

---

[1] In New Jersey, the Product Liability Act (PLA), codified at New Jersey Statute Annotated 2A:58C, *et seq.*, governs product liability actions. Three causes of action are established under the PLA, namely, claims for design defect, manufacturing defect, or warnings defect. Roberts v. Rich Foods, Inc., 654 A.2d 1365, 1370 (N.J. 1995). The standard of liability is that the product "was not reasonably fit, suitable or safe for its intended purpose." Cornett v. Johnson & Johnson, 998 A.2d 543, 562 (N.J. Super. Ct. App. Div. 2010).

To prove a defect, a plaintiff must be able to show that: (1) the product was defective; (2) the defect existed when the product left the hands of the defendant; and (3) the defect caused the injury to a reasonably foreseeable user. McGarvey v. G.I. Joe Septic Service, Inc., 679 A.2d 733, 740 (N.J. Super. Ct. App. Div. 1996).

The complaint is entirely void of allegations relevant to any of these factors. Plaintiff has not alleged the drug at issue was defective, but rather only that she suffered a side effect from taking it. Moreover, Plaintiff fails to tether either of the defendants to the harm she allegedly suffered. In fact, Plaintiff has not presented a single allegation against the pharmaceutical-defendant and alleges only that the non-pharmaceutical defendant prescribed the drug at issue. Such bare allegations do not render the complaint actionable and require its dismissal.

deficiencies; and

WHEREAS, in preparing this Opinion and Order, the Court determined that Plaintiff attached sensitive medical information to the initial complaint at ECF No. 1-2. As such, and in light of Plaintiff's *pro se* status, the Court will *sua sponte* order the documents filed at ECF No. 1-2 temporarily sealed; and

WHEREAS, to the extent Plaintiff needs to rely upon such personal and confidential information moving forward, or otherwise seeks to file such information along with any amended complaint, Plaintiff should file a motion to seal such documents pursuant to Local Civil Rule 5.3;[2]

THEREFORE,

IT IS on this  __7th_   day of  __November__ , 2019

ORDERED that Plaintiff's IFP application (ECF No. 1-1) be, and the same hereby is, **GRANTED**; and it is further

---

[2] Local Civil Rule 5.3 governs requests to seal documents filed with the Court. Instructively, the Rule dictates that the party seeking to seal documents must describe: (a) the nature of the materials at issue, which in this case, would be personal medical records; (b) the legitimate private or public interests which warrant the relief sought, which in this case, would be Plaintiff's personal privacy and the confidentiality of her personal medical information; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3(c)(3). This Court routinely grants such motions when they relate to sealing medical information, see, e.g., Briglia v. Ameritas Life Ins. Corp., No. 14-7968, 2015 U.S. Dist. LEXIS 91044 (D.N.J. July 14, 2015) (sealing portions of a complaint relating to a litigant's medical conditions).

ORDERED that Plaintiff's complaint is **DISMISSED** in its entirety, **WITHOUT PREJUDICE**, for failing to state a claim on which relief can be granted; and it is further

ORDERED that ECF No. 1-2 – which contains Plaintiff's confidential and private medical information – be, and the same hereby is, **TEMPORARILY SEALED**; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend her complaint to properly cure the deficiencies noted above, and to ask this Court to permanently seal ECF No. 1-2 in a manner described in footnote three above; and it is further

ORDERED that if Plaintiff fails to file an amended complaint within the timeframe allotted, this case will be dismissed for lack of subject matter jurisdiction and failure to state a claim, with prejudice.  See Fed. R. Civ. P. 12(h)(3).

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |